J-S73040-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,    :    IN THE SUPERIOR COURT OF
            :             PENNSYLVANIA
         Appellee    :
            :
         v.    :
            :
BRYAN PERRY,    :
            :
         Appellant    :          No. 917 MDA 2014

Appeal from the PCRA Order entered on May 16, 2014
in the Court of Common Pleas of Dauphin County,
Criminal Division, No. CP-22-CR-0002139-2011

BEFORE: BOWES, WECHT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED DECEMBER 30, 2014**

Bryan Perry ("Perry") appeals from the dismissal of his amended Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). *See* 42 Pa.C.S.A. §§ 9541-9546. We vacate the Order of the PCRA court, and remand for further proceedings consistent with this Memorandum.

The PCRA court set forth the relevant procedural history and factual background in its Opinion, which we adopt herein for purposes of this appeal. *See* PCRA Court Opinion, 5/16/14, at 1-6.

Perry's court-appointed PCRA counsel filed an amended PCRA Petition. After an evidentiary hearing, the PCRA court dismissed Perry's amended Petition on May 16, 2014. Perry filed a timely Notice of Appeal and a court-ordered Concise Statement of Matters Complained of on Appeal.

On appeal, Perry raises the following issues for our review:

1. Whether the trial court erred by allowing unmarked evidence to be submitted to the jury?

2. Whether trial counsel[, Deanna Muller, Esquire ("Attorney Muller"),] was ineffective for failing to present a defense and for failing to call alibi witnesses?

3. Whether appellate counsel[, Andrea Haynes, Esquire ("Attorney Haynes"),] was ineffective?

Brief for Appellant at 5 (capitalization omitted, issues renumbered for ease of disposition).

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

In his first issue, Perry contends that, during an *ex parte* communication between the trial judge and the jury during their deliberations, the jury showed evidence to the trial judge. Brief for Appellant at 14. In response, Perry asserts, the trial judge responded "[y]ou weren't even supposed to get that. They weren't marked as part of the evidence." *Id*. (citing N.T., 11/15/11, at 164). Perry asserts that the trial judge erred by failing to inform counsel of the *ex parte* communication or the fact that unmarked evidence was sent to the jury deliberation room. *Id*. at 15. Perry points out that the record does not reflect the nature of the unmarked evidence that the jury mistakenly received, and the trial judge

cannot recall the nature of the unmarked evidence. *Id*. (citing PCRA Court Pa.R.A.P. 1925(a) Opinion, 6/30/14, at 3). Perry claims that he was entitled to a presumption of prejudice, which the Commonwealth failed to overcome, thereby entitling him to a new trial. Brief for Appellant at 15-16.

Perry failed to raise this issue in his Concise Statement. *See Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998) (stating that, if an appellant is directed to file a concise statement of matters to be raised on appeal pursuant to Pa.R.A.P. 1925(b), any issues not raised in that statement are waived). Further, Perry did not raise this issue in his amended PCRA Petition. Accordingly, Perry failed to preserve this issue for our review. *See* Pa.R.A.P. 302(a) (stating that issues not raised in the lower court are waived and cannot be raised for the first time on appeal).

Moreover, this claim is not cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2); *see also id*. § 9544(b) (stating that "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding"); *Commonwealth v. Jones*, 876 A.2d 380, 383-84 (Pa. 2005) (stating that any claims that have been waived by a petitioner are beyond the power of this Court to review). Thus, even if this claim had been preserved, Perry is not entitled to relief.

In his second issue, Perry contends that Attorney Muller led him to believe that an alibi defense would be presented at trial. Brief for Appellant

- 3 -

at 10. However, Perry asserts, because Attorney Muller failed to file a notice of an alibi defense, the Commonwealth objected when she elicited testimony from Perry that he was at his girlfriend's house at the time of the alleged crimes. *Id*. at 11. Perry claims that, because Attorney Muller had no alibi witness, she should not have asked Perry leading questions that implicated an alibi defense. *Id*. at 12. Perry asserts that Attorney Muller was ineffective for failing to present a defense and an alibi witness to support the line of questioning during trial. *Id*. Perry contends that Attorney Muller's actions were not the product of a reasonable strategic decision, and he suffered prejudice as a result of her actions. *Id*.

In its Opinion, the PCRA court set forth the relevant law, addressed Perry's ineffectiveness claim regarding Attorney Muller, and concluded that it lacks merit. *See* PCRA Court Opinion, 5/16/14, at 6-8. Based on our review of the record, we conclude that the PCRA court's determination is supported by evidence of record and is free of legal error, and therefore affirm on this basis as to this issue. *See id*.

In his third issue, Perry contends that he did not become aware that the jury had mistakenly received unmarked evidence until after he read his trial transcript. Brief for Appellant at 13. Perry claims that, although he told Attorney Haynes of this mistake, she did not include this claim in his direct appeal. *Id*. Instead, Perry asserts, the only issue that she raised in his direct appeal was that his sentence was excessive and unreasonable. *Id*.

Perry also contends that Attorney Haynes failed to raise the above-discussed issues of Attorney Muller's ineffectiveness on direct appeal. ***Id***. Perry asserts that, because Attorney Haynes had no reasonable basis for failing to raise Attorney Muller's ineffectiveness in his direct appeal, Attorney Haynes was ineffective and prejudice can be presumed. ***Id***.

Initially, we observe that the PCRA court failed to address Perry's claims regarding Attorney Haynes ineffectiveness in its dismissal Opinion, despite the fact that this issue was raised in Perry's amended Petition. ***See*** PCRA Court Opinion, 5/16/14, at 6-8; ***see also*** PCRA Court Pa.R.A.P. 1925(a) Opinion, 6/30/14, at 2 (wherein the PCRA court acknowledged that it failed to address this issue in its dismissal Opinion). Nevertheless, because the issue of whether Attorney Haynes was ineffective for failing to raise the issue of Attorney Muller's ineffectiveness on direct appeal is easily resolvable on the record and the briefs, we will address it. ***See Commonwealth v. Ali***, 10 A.3d 282, 317 n.26 (Pa. 2010).

Litigation of ineffectiveness claims is not generally a proper component of a defendant's direct appeal, and is presumptively deferred for collateral attack under the PCRA. ***See Commonwealth v. Holmes***, 79 A.3d 562, 578 (Pa. 2013) (establishing a deferral rule for ineffectiveness claims litigated after its decision in ***Commonwealth v. Grant***, 813 A.2d 726 (Pa. 2002)). The Pennsylvania Supreme Court has recognized two exceptions to the rule

that ineffectiveness claims should be deferred until collateral review, both falling within the discretion of the trial court:

> First, we held that trial courts retain discretion, in extraordinary circumstances, to entertain a discrete claim of trial counsel ineffectiveness if the claim is both apparent from the record and meritorious, such that immediate consideration best serves the interest of justice. Second, we held that trial courts also have discretion to entertain prolix claims of ineffectiveness if there is a good cause shown and the unitary review thus permitted is accompanied by a knowing and express waiver by the defendant of the right to pursue a first PCRA petition.

***Commonwealth v. Arrington***, 86 A.3d 831, 856-57 (Pa. 2014).

Perry has not argued that his ineffectiveness claims regarding Attorney Muller fall within either exception to the rule that such claims should be deferred until collateral review, such that Attorney Haynes *could* have raised them on direct appeal. Moreover, given our conclusion that Perry's ineffectiveness claims regarding Attorney Muller lack arguable merit, Attorney Haynes cannot be deemed ineffective for failing to raise them in Perry's direct appeal. ***See Commonwealth v. Weiss***, 81 A.3d 767, 783 (Pa. 2013). Thus, based on our review of the record, we cannot grant Perry relief on this claim.

However, Perry's claim that Attorney Haynes was ineffective for failing to raise, on direct appeal, the jury's receipt of unmarked evidence cannot be resolved on the certified record. As recognized by the PCRA court, this issue was not pursued or addressed at the evidentiary hearing. ***See*** PCRA Court Pa.R.A.P. 1925(a) Opinion, 6/30/14, at 2. Our review of the certified record

discloses that Attorney Haynes did not testify at the evidentiary hearing, and the record is devoid of her response to Perry's claim that he had informed her of the jury's receipt of unmarked evidence. *See id*. at 3. Nevertheless, the PCRA Court acknowledged that this claim was addressed in Perry's briefs following the evidentiary hearing. *See id*.

To enable appellate review, PCRA courts are required to provide a legally robust discussion, complete with clear findings of fact where required. *See Commonwealth v. Smith*, 17 A.3d 873, 884 (Pa. 2011). A fact-finding court should support its holding with sufficient explanations of the facts and law to facilitate appellate review. *See id*. Where a petitioner has presented a claim to the PCRA court and that court has not addressed it, a remand is appropriate where the claim cannot be resolved on the record. *See id*. "[P]articularly in close cases, a developed post-conviction record accompanied by specific factual findings and legal conclusions is an essential tool necessary to sharpen the issues." *Commonwealth v. Gibson*, 951 A.2d 1110, 1121-22 (Pa. 2008) (vacating an award of a new penalty hearing and remanding for further proceedings). Thus, we vacate the Order of the PCRA court and remand this matter to the PCRA court to conduct an evidentiary hearing on the issue of whether Attorney Haynes rendered ineffective assistance by failing to raise, on direct appeal, the jury's receipt of unmarked evidence.

Order vacated. Case remanded for further proceedings consistent with this Memorandum. Superior Court jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/30/2014

Circulated 12/05/2014 03:57 PM

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS,
                                         : DAUPHIN COUNTY, PENNSYLVANIA

          v.                                  :

                                        : NO. 2139 CR 2011

BRYAN PERRY                            : CRIMINAL – PCRA

## TRIAL COURT MEMORANDUM OPINION

Presently before this Court is Bryan Perry's (hereinafter "Petitioner") Motion for Post-Conviction Collateral Relief pursuant to 42 Pa. C.S.A. §§ 9541-9551.

### Procedural History

Petitioner was arrested and charged with Criminal Attempt Homicide (2), Aggravated Assault (2), Carrying a Firearm, Recklessly Endangering Another Person and Persons Not to Possess a Firearm. He was represented by Deanna Muller, Esquire, of the Dauphin County Public Defender's Office in a jury trial. He was found guilty of all charges except for one count of Criminal Attempt Homicide on November 15, 2011. He was sentenced on January 27, 2012, to an aggregate of 25 – 30 years' incarceration. He was resentenced to 25 – 30 years on March 15, 2012. On April 5, 2012, Andrea Haynes, Esquire filed a direct appeal. On December 20, 2012, the Superior Court of Pennsylvania affirmed the judgment of sentence.

Petitioner filed a timely *pro se* Petition for Post-Conviction Relief on November 8, 2013. Jennifer Tobias, Esquire, was appointed on November 18, 2013, to represent Petitioner for PCRA purposes. An evidentiary hearing was held on April 16, 2014.

### Factual Background

On the night of April 5, 2011, Priest Hamilton (hereinafter "Mr. Hamilton") was with Derrick Mitterlehner (hereinafter "Mr. Mitterlehner") at Mr. Hamilton's mother's house. (N.T. 15, 33, 53-54). Thereafter, Mr. Hamilton drove Mr. Mitterlehner to his house on Kensington Street. (N.T. 15). Mr. Hamilton stopped the vehicle in the middle of the street to talk with Mr. Mitterlehner. (N.T. 16, 34-35, 54). Then, Mr. Mitterlehner exited the passenger front side of the vehicle and walked around to the backside of the vehicle. (N.T. 16, 38, 54, 66).

Roughly around the moment Mr. Mitterlehner was exiting the vehicle, Appellant appeared from the side of a house on the street nearest the passenger side of the vehicle and walked towards the vehicle. (N.T. 16, 18, 35, 37). Appellant stopped and stood about two to three feet in front of the vehicle, pulled out a gun, and pointed it at Mr. Hamilton through the windshield. (N.T. 16, 21, 54, 67). Once Mr. Hamilton realized a gun was pointed at him, but before a shot was fired, he put the vehicle in drive. (N.T. 16, 37-38, 41, 50, 54). Appellant jumped to the side of the moving vehicle and shot a bullet through the driver's side mirror; which exited through the front of the mirror, went through the driver's door window, and entered the top edge of the driver's side door. (N.T. 16-17, 23, 29-31, 92). After Mr. Hamilton put the vehicle in drive, he testified he heard about three more shots fired. (N.T. 19). Further, he saw through the remainder of the driver's side mirror Appellant pointing the gun in [what he assumed to be] Mr. Mitterlehner's direction and then back at his vehicle. (N.T. 19-20, 42-44). Mr. Hamilton identified Appellant in Court as the man who stood in front of his vehicle with a gun. (N.T. 21). Mr. Hamilton testified he did not know Appellant before that night. (N.T. 17, 21, 33-34, 37, 51). Conversely, Appellant testified he knew Mr. Hamilton from seeing him around the neighborhood. (N.T. 136-139). Appellant stated he had no problems with Mr. Hamilton. (N.T. 139-141).

Meanwhile, Mr. Mitterlehner was left in plain view of the individual with the gun, whom he testified he recognized as his neighbor; Appellant. (N.T. 55, 65-66, 68). Mr. Mitterlehner took off running. (N.T. 56, 68-69). Thereafter, he heard about two or three more shots fired. (N.T. 57, 68). Mr. Mitterlehner said he did not see the gun nor was he sure Appellant was shooting at him, but he knew Appellant had a gun because the sound was distinctive. (N.T. 57, 68, 70, 73-74). Mr. Mitterlehner identified Appellant in Court as the individual he saw that night. (N.T. 55). Mr. Mitterlehner admitted there was friction between himself and Appellant because he had sold Appellant's stereo equipment. (N.T. 65, 80).

Officer Kirk Aldrich is employed by the Harrisburg City Police Department. (N.T. 84). He was dispatched to the 2000 block of Kensington Street the night of April 5, 2011. (N.T. 84). Officer Aldrich testified he photographed, among other things, the overall view of the scene, evidence that was found, and where the evidence was found in relation to the scene. (N.T. 85-90). He agreed that the scene was darker than what was depicted in the photographs. (N.T. 96-97). Officer Aldrich collected two shell casings and placed them in a sealed envelope. (N.T. 90-91). At the police station, Officer Aldrich photographed Mr. Hamilton's vehicle. (N.T. 91-94). He confirmed that part of the driver's side mirror was still intact, but the hole from the bullet was visible. (N.T. 98).

Detective Christopher Krokos, with the Harrisburg Police Department as part of the Special Operations Unit, was assigned to this case. (N.T. 99-100). Detective Krokos and Detective Iachini interviewed the two victims separately. (N.T. 101). Both victims separately identified Appellant in a photo line-up as the man who committed the crimes. (N.T. 23-24, 31-32, 63-64, 102-108, 117; Cmwlth Exhibits 1, 2). Thereafter, Detective Krokos located Appellant in Camp Hill at his girlfriend's house and placed him under arrest. (N.T. 110). He searched the

house and found some clothing that was admitted into evidence. (N.T. 111-112, 141-142). Later, a neighbor contacted the police to report finding more shell casings. (N.T. 112-113). Detective Krokos testified that the two brass 9 millimeter casings found by the neighbor were the same caliber and brand as the other two casings that were located by Officer Aldrich. (N.T. 113). The Pennsylvania State Police Regional Laboratory report confirmed that all four of these casings were shot from the same firearm; a 9 millimeter handgun. (N.T. 114). Further, Detective Krokos requested a report from the Pennsylvania State Police to check if Appellant had a license to carry a firearm. (N.T. 115). The parties stipulated to the results of the report: Appellant did not have a license to carry a firearm in Pennsylvania. (N.T. 115-117). However, the gun was never recovered by the police. (N.T. 122).

At the evidentiary hearing held April 16, 2014, Attorney Muller and Petitioner testified as to several ineffective assistance of counsel claims Petitioner raised in his PCRA. Petitioner testified that he told Attorney Muller he was home with his girlfriend and that she was available as an alibi witness for him (Notes of Testimony, PCRA hearing (hereinafter N.T. PCRA) 6-7). He further testified that he had met with Attorney Muller several times and spoke to her about having his alibi witness testify on his behalf. (N.T. PCRA 10). Attorney Muller testified that there were several issues with presenting the witness. (N.T. PCRA 28). First, according to the witness's statement to Officer Krokos, she had not been home for several days and was highly medicated on the day in question due to an infection. (N.T. PCRA 28). Attorney Muller also spoke with the witness who again stated she was highly medicated that night. (N.T. PCRA 28). Attorney Muller determined that she could not call the witness and informed Petitioner of this. (N.T. PCRA 29).

4 of 9

Petitioner also testified that Muller failed to properly cross-examine two witnesses and that they testified inconsistently. (N.T. PCRA 15). He indicated that they testified inconsistently with previous testimony and that Muller failed to impeach them, that they lied in court and that Muller should have brought in their criminal history. (N.T. PCRA 15, 18). Muller testified that she conducted extensive cross-examination on the issue of whether the witnesses could identify the shooter. (N.T. PCRA 30). This included pointing out inconsistencies between the trial testimony and preliminary hearing testimony. (N.T. PCRA 30). Muller was unaware of any perjured testimony and she made argument at closing regarding the inconsistencies. (N.T. PCRA 30-31).

Petitioner also testified that counsel was ineffective for failure to object to a piece of evidence that was not marked went to the jury. (N.T. PCRA 11). Petitioner claims that counsel was ineffective for failing to object to tainted evidence going to the jury during deliberations. (N.T. PCRA 11). He first became aware of the evidence when he received his trial transcripts and acknowledged that he was not sure if counsel was aware of what happened. (N.T. PCRA 11). Petitioner could not tell from the transcripts what evidence was sent to the jury, but there was a conversation between this Court and the jury, without either counsel, about how the jury should not have received a piece of evidence. (N.T. 11, 13-14)

> The following occurred at 12:17 in the jury deliberation room, outside the presence of counsel and the defendant.
> THE COURT: Instead of dragging you all down, I figured I'd come up. You have requested to see both 9-1-1 transcripts. You have a copy?
> A VOICE. No. This is the only thing we got.
> THE COURT: You weren't even supposed to get that. They weren't marked as part of the evidence. So whatever is marked as evidence comes up to you. Otherwise, you have to use your recollection based on the trial. So that's the answer. All right?
> A VOICE: Thank you, Judge.

(N.T. 163, N.T. PCRA 13-14).

Muller then testified that she was unaware of this conversation, and that she was unaware of any unadmitted evidence accompanying the jury to deliberations until she was contacted by the District Attorney in preparation of the PCRA hearing. (N.T. 35-36). She also was unable to identify what piece of evidence was inadvertently sent with the jury. (N.T. 36).

## Petitioner's PCRA Motion

Petitioner claims eligibility for PCRA relief premised upon:

- Ineffective assistance of counsel which, in the circumstances of the particular case, so undermine the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

## Legal Discussion

Since there is a presumption that counsel provided effective representation, the defendant bears the burden of proving ineffectiveness. Commonwealth v. Ligons, 971 A.2d 1125, 1137 (Pa. 2009) (*citation omitted*). To prevail on a claim that counsel was constitutionally ineffective, the appellant must overcome the presumption of competence by showing that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different. Commonwealth. v. (Michael) Pierce, 786 A.2d 203, 213 (Pa. 2001).

Prejudice is established when the petitioner demonstrates that the chosen course of action had an adverse effect on the outcome of the proceedings. Commonwealth v. Davis, 518 Pa. 77, 541 A.2d 315 (1988). However, the inquiry ends if there exists a reasonable basis for the chosen course of action and counsel is deemed constitutionally effective. Commonwealth v. Abdul-Salaam, 808 A.2d 558 (Pa. 2001).

The Pennsylvania Supreme Court has stated that it "will not consider abstract allegations of ineffectiveness; a specific factual predicate must be identified to demonstrate how a different course of action by trial counsel would have better served Appellant's interest." Commonwealth v. (Clifford) Smith, 650 A.2d 863, 867 (Pa. 1994). Further, where the defendant asserts a general claim of ineffectiveness without reference to evidence of record or specific facts demonstrating prejudice by reason of counsel's error, relief will be denied on the grounds that the claim is waived. Commonwealth v. Bracey, 795 A.2d 935, 940, n.4 (Pa. 2001)("Such an undeveloped argument, which fails to meaningfully discuss and apply the standard governing the review of ineffectiveness claims, simply does not satisfy Appellant's burden of establishing that he is entitled to any relief.").

Petitioner raises three main arguments for ineffective assistance of counsel in his PCRA.

First, he claims that Muller failed to properly investigate and prepare a defense favorable for him as she did not raise the alibi defense he wanted. Muller could not raise the alibi defense in the first place because she discovered in her investigation that the possible alibi witness could not testify as to Petitioner's whereabouts on the night in question. Thus she could not file a notice of an alibi defense, nor was it strategically reasonable for her to try such a defense when the alibi witness would not be able to testify as to Petitioner's alibi. Thus Petitioner fails to establish that there was no reasonable basis in not pursing an alibi defense and is not eligible for relief under this argument.

He further claims that she was ineffective for failing to fully cross examine Commonwealth witnesses. Petitioner's PCRA attorney felt that Muller did a proper cross-examination; however, it was placed on the record as Petitioner felt strongly that Muller was ineffective. Muller testified, and the trial transcript shows, that she did a thorough cross-

examination of all witnesses. She specifically addressed wither the witnesses could identify the shooter (N.T. PCRA 30) and she was unaware of any perjured testimony by any witness. (N.T. PCRA 31). Petitioner fails to point to specific testimony which Muller failed to pursue and as made a general accusation. As such he is not entitled to relief under this argument.

Lastly, Petitioner argues that Muller was ineffective for failing to object to, or ask for a mistrial or arrest or judgment because of, unadmitted evidence being sent to the jury during deliberations. Muller testified that she was unaware of this happening and therefore unable to object to it or request a mistrial. (N.T. 35-36). As Muller was unaware that a piece of evidence mistakenly made its way to the deliberation room and thus could not reasonably address the issue she was not ineffective.

Accordingly, we enter the following:

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS,
                                     : DAUPHIN COUNTY, PENNSYLVANIA

           v.                                 :

                                       : NO. 2139 CR 2011

BRYAN PERRY                          : CRIMINAL – PCRA

## ORDER OF COURT

AND NOW, this ____15th____ day of May, 2014, upon consideration of the Supplemental Petition for Post Conviction Collateral Relief submitted by Petitioner's Attorney, the Commonwealth's Response thereto and an evidentiary hearing held April 16, 2014, said petition is hereby DISMISSED.

Petitioner is hereby advised of his right to appeal this Order to the Superior Court of Pennsylvania within thirty (30) days from the date of this Order. **The Clerk of Court is directed to send a copy of this Order to the petitioner by certified mail, return receipt requested.**

BY THE COURT:

_Deborah E. Curcillo_
**Deborah E. Curcillo, J.**

_Distribution:_ 5-19-14 @ 2:25
Hon. Deborah E. Curcillo
Jennifer Tobias, Esq. PO Box 365, Stewartstown, PA 17363 mail
Dauphin County Clerk of Courts
Joe Cardinale, Esq. Dauphin County District Attorney's Office

Defendant mail